

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336



1  SIGAL CHATTAH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 8264
3  JOSHUA BRISTER
   Assistant United States Attorney
4  501 Las Vegas Boulevard South
   Suite 1100
5  Las Vegas, Nevada 89101
   702-388-6336 (phone)
6  Joshua.Brister@usdoj.gov
   *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEX GONZALEZ,<br>aka "Luis Carlos Caloca-Castenada,"<br><br>AARON WOLSKI,<br><br>RICHARD ALLEN WILLIAMS,<br>aka "Steve Watley,"<br><br>SHANE KUNKLE,<br><br>CHARLES WADE MCCALL, and<br><br>MARIA PAOLA ORTIZ-SANCHEZ,<br><br>Defendants. | **SEALED**<br>**CRIMINAL INDICTMENT**<br><br>Case No. 2:25-cr-0170-CDS-BNW<br><br>**VIOLATIONS:**<br><br>Conspiracy to Distribute a Controlled Substance – 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii)<br><br>Engaging in the Business of Dealing in Firearms Without a License – 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) and 18 U.S.C. § 2<br><br>Distribution of a Controlled Substance (Methamphetamine) – 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2<br><br>Felon in Possession of a Firearm – 18 U.S.C. §§ 922(g)(1), 924(a)(8)<br><br>Possession with Intent to Distribute a Controlled Substance (Methamphetamine) – 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) |

Aiding and Abetting – 18 U.S.C. § 2

**THE GRAND JURY CHARGES THAT:**

<u>**COUNT ONE**</u>
Conspiracy to Distribute a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii))

From a time unknown but no earlier than June 2024, and continuing up to and including on or about June 10, 2025, in the State and Federal District of Nevada,

**ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada,"
AARON WOLSKI,
RICHARD ALLEN WILLIAMS, aka "Steve Watley,"
SHANE KUNKLE,
CHARLES WADE MCCALL, and
MARIA PAOLA ORTIZ-SANCHEZ,**

defendants herein, and others known and unknown to the Grand Jury, knowingly combined, conspired, confederated, and agreed with each other to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii).

<u>**COUNT TWO**</u>
Engaging in the Business of Dealing in Firearms Without a License
(18 U.S.C. § 922(a)(1)(A), 923(a), 924(a)(1)(D), and 18 U.S.C. § 2)

Beginning on or about February 14, 2025, and continuing up to and including on or about May 20, 2025, in the State and Federal District of Nevada,

**AARON WOLSKI, and
SHANE KUNKLE,**

defendants herein, aiding and abetting one another, not being a licensed dealer, importer, and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully engaged in the business of dealing in, importing, and manufacturing firearms,

in that AARON WOLSKI and SHANE KUNKLE sold to another person a firearm, to wit: a Palmetto State Armory, model PA-15, multi-caliber rifle, bearing serial number SCNL217969; a Hatsan Arms Company, Model Escort, 12-gauge shotgun, serial number 70-H23PL-003860; a Winchester, Model 70, .30-06 caliber rifle, serial number 313759; a Llama, Model IIIA, .380 caliber pistol, serial number A19309; and a HS Produkt, Model Hellcat, 9mm pistol, serial number BB196516; all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2.

## COUNT THREE
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about March 5, 2025, in the State and Federal District of Nevada,

**AARON WOLSKI, and**
**SHANE KUNKLE,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FOUR
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about March 24, 2025, in the State and Federal District of Nevada,

**AARON WOLSKI, and**
**SHANE KUNKLE,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### COUNT FIVE
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about April 1, 2025, in the State and Federal District of Nevada,

**RICHARD ALLEN WILLIAMS, aka "Steve Watley," and
SHANE KUNKLE,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### COUNT SIX
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about April 8, 2025, in the State and Federal District of Nevada,

**RICHARD ALLEN WILLIAMS, aka "Steve Watley," and
SHANE KUNKLE,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### COUNT SEVEN
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about April 23, 2025, in the State and Federal District of Nevada,

**AARON WOLSKI, and
SHANE KUNKLE,**

4

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

**COUNT EIGHT**
Felon in Possession of a Firearm
(18 U.S.C. §§ 922(g)(1), 924(a)(8))

On or about April 29, 2025, in the State and Federal District of Nevada,

**SHANE KUNKLE,**

defendant herein, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is: Attempt Grand Larceny, on or about October 7, 2019 in Clark County, Nevada, District Court, in case number C-19-343716-1; Felon in Possession of a Firearm, on or about May 15, 2015 in United States District Court for the Western District of Texas, in case number 7:14-cr-300-01-RAJ; Unauthorized Use of a Motor Vehicle, on or about November 20, 2015 in the District Court of Ector County, Texas, 70th Judicial District, in case number A-45,293; Obtaining and Using Personal Identification Information of Another, on or about August 5, 2009 in Clark County, Nevada, District Court, in case number C256077; Attempt Possession of Stolen Vehicle, on or about June 1, 2009 in Clark County, Nevada, District Court, in case number C249207; Grand Larceny Auto, on or about May 12, 2009 in Clark County, Nevada, District Court, in case number C254126; Possession of a Stolen Vehicle, on or about May 19, 2006, in Clark County, Nevada, District Court, in case number C218797; knowingly possessed a firearm, that is: a Winchester, Model 70, .30-06 caliber rifle, serial number 313759, said possession

being in and affecting commerce and said firearm having been shipped and transported in interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

### COUNT NINE
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about April 29, 2025, in the State and Federal District of Nevada,

**ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada,"**
**AARON WOLSKI, and**
**SHANE KUNKLE,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### COUNT TEN
Felon in Possession of a Firearm
(18 U.S.C. §§ 922(g)(1), 924(a)(8))

On or about May 20, 2025, in the State and Federal District of Nevada,

**SHANE KUNKLE,**

defendant herein, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is: Attempt Grand Larceny, on or about October 7, 2019 in Clark County, Nevada, District Court, in case number C-19-343716-1; Felon in Possession of a Firearm, on or about May 15, 2015 in United States District Court for the Western District of Texas, in case number 7:14-cr-300-01-RAJ; Unauthorized Use of a Motor Vehicle, on or about November 20, 2015 in the District Court of Ector County, Texas, 70th Judicial District, in case number A-45,293; Obtaining and Using Personal

Identification Information of Another, on or about August 5, 2009 in Clark County, Nevada, District Court, in case number C256077; Attempt Possession of Stolen Vehicle, on or about June 1, 2009 in Clark County, Nevada, District Court, in case number C249207; Grand Larceny Auto, on or about May 12, 2009 in Clark County, Nevada, District Court, in case number C254126; Possession of a Stolen Vehicle, on or about May 19, 2006, in Clark County, Nevada, District Court, in case number C218797; knowingly possessed a firearm, that is: a Llama, Model IIIA, .380 caliber pistol, serial number A19309, said possession being in and affecting commerce and said firearm having been shipped and transported in interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT ELEVEN
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about May 20, 2025, in the State and Federal District of Nevada,

**ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada,"
AARON WOLSKI, and
SHANE KUNKLE,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT TWELVE
Distribution of a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2)

On or about March 5, 2025, in the State and Federal District of Nevada,

**ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada," and
MARIA PAOLA ORTIZ-SANCHEZ,**

defendants herein, aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### COUNT THIRTEEN
Possession with Intent to Distribute a Controlled Substance (Methamphetamine)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii))

On or about June 2, 2025, in the State and Federal District of Nevada,

**CHARLES WADE MCCALL,**

defendant herein, knowingly and intentionally possessed with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

### FORFEITURE ALLEGATION ONE
Conspiracy to Distribute a Controlled Substance,
Distribution of a Controlled Substance, and
Possession with Intent to Distribute a Controlled Substance

1. The allegations of Counts 1, 3-7, 9, and 11-13 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); 21 U.S.C. § 881(a)(4) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts Counts 1, 3-7, 9, and 11-13 of this Criminal Indictment,

ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada,"
AARON WOLSKI,
RICHARD ALLEN WILLIAMS, aka "Steve Watley,"
SHANE KUNKLE,
CHARLES WADE MCCALL, and
MARIA PAOLA ORTIZ-SANCHEZ,

defendants herein, shall forfeit to the United States of America any property, real or personal, which constitutes, or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A), 1961(1)(A), and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense;

defendants herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846;

defendants herein, shall forfeit to the United States of America any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846;

defendants herein, shall forfeit to the United States of America all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property in violation of 21 U.S.C. §§ 841(a)(1) and 846;

defendants herein, shall forfeit to the United States of America all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys,

negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846;

defendants herein, shall forfeit to the United States of America all real property, including any right, title and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841(a)(1) and 846:

1. any and all property with the requisite nexus to violations 21 U.S.C. 841(a)(1) and 846, under the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(C); and

2. an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C);

(all of which constitutes property).

3. If any property being subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); 21 U.S.C. § 881(a)(4) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c), as a result of any act or omissions of the defendants--

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the property listed above.

  All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. §§ 841(a)(1) and 846; 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(4) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c).

**FORFEITURE ALLEGATION TWO**
Conspiracy to Distribute a Controlled Substance,
Distribution of a Controlled Substance, and
Possession with Intent to Distribute a Controlled Substance

  1. The allegations of Counts 1, 3-7, 9, and 11-13 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c).

  2. Upon conviction of any of the felony offenses charged in Counts 1, 3-7, 9, and 11-13 of this Criminal Indictment,

**ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada,"
AARON WOLSKI,
RICHARD ALLEN WILLIAMS, aka "Steve Watley,"
SHANE KUNKLE,
CHARLES WADE MCCALL, and
MARIA PAOLA ORTIZ-SANCHEZ,**

defendants herein, shall forfeit to the United States of America any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property in violation of 21 U.S.C. §§ 841(a)(1) and 846 and any proceeds traceable to such property; and any and all property with the requisite nexus to violations 21 U.S.C. §§

841(a)(1) and 846, under the forfeiture statute in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(C).

All under 21 U.S.C. §§ 841(a)(1) and 846 and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c).

### FORFEITURE ALLEGATION THREE
Engaging in the Business of Dealing in Firearms Without a License

1. The allegations of Count 2 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Count 2 of this Criminal Indictment,

**AARON WOLSKI, and**
**SHANE KUNKLE,**

defendants herein, shall forfeit to the United States of America, any firearm or ammunition involved in or used in any willful violation of 18 U.S.C. § 922(a)(1)(A); and

any and all firearms and ammunition with the requisite nexus to violations 18 U.S.C. § 922(a)(1)(A), under the forfeiture statutes in this forfeiture allegation, and Fed. R. Crim. P. 32.2(b)(C).

All under 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

### FORFEITURE ALLEGATION FOUR
Conspiracy to Distribute a Controlled Substance,
Distribution of a Controlled Substance,
Possession with Intent to Distribute a Controlled Substance, and
Engaging in the Business of Dealing in Firearms Without a License

1.     The allegations of Counts 1-13 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 924(d)(1), (2)(C), (3)(B), and (3)(C) with 28 U.S.C. § 2461(c).

2.     Upon conviction of any of the felony offenses charged in Counts 1-13 of this Criminal Indictment,

ALEX GONZALEZ, aka "Luis Carlos Caloca-Castenada,"
AARON WOLSKI,
RICHARD ALLEN WILLIAMS, aka "Steve Watley,"
SHANE KUNKLE,
CHARLES WADE MCCALL, and
MARIA PAOLA ORTIZ-SANCHEZ,

defendants herein, shall forfeit to the United States of America,\ any firearm or ammunition intended to be used in any violation of 18 U.S.C. § 922(a)(1)(A) and 21 U.S.C. § 841(a)(1) and 846; and

any and all firearms and ammunition with the requisite nexus to violations of 18 U.S.C. § 922(a)(1)(A) and 21 U.S.C. §§ 841(a)(1) and 846, under the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(C).

All under 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(d)(1), (2)(C), (3)(B), and (3)(C) with 28 U.S.C. § 2461(c).

DATED: this 10th day of June, 2025.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

SIGAL CHATTAH
United States Attorney

JOSHUA BRISTER
Assistant United States Attorney

13