**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

United States of America,

Plaintiff,

v.

Alex Gonzalez et al.,

Defendants.

Case No. 2:25-cr-00170-GMN-BNW

**ORDER**

Before this Court is Defendant Aaron Wolski's Motion to Sever (ECF No. 126), the Government's Motion to Strike Wolski's Motion to Sever or, in the alternative, Opposition to the Motion to Sever (ECF No. 130), and Wolski's Reply (ECF No. 134).

Also before this Court is Defendant Richard Allen Williams's Joinder to Wolski's Motion to Sever, setting forth additional grounds for severance specific to him. ECF No. 138. The Government opposed, and Defendant Williams replied. ECF Nos. 149, 150. For the reasons below, this Court declines to strike Wolski's motion and denies severance.

## I. BACKGROUND

The Superseding Indictment charges Wolski with one count of Conspiracy to Distribute a Controlled Substance (in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii)), one count of Engaging in the Business of Dealing in Firearms Without a License (in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and § 2), and five counts of Distribution of a Controlled Substance (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2). Williams is charged with one count of Conspiracy to Distribute a Controlled Substance (in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii)), two counts of Distribution of a Controlled Substance (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)), and one count of Felon in Possession

of a Firearm (in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8)).

According to the Government, the following facts support the Indictment. Two undercover agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives purchased methamphetamine from Wolski, Wiliams, and Kunkle.[1] ECF No. 130 at 2. Wolski purchased his methamphetamine directly from Caloca-Castenada and Ortiz-Sanchez. *Id.* Williams purchased methamphetamine from an uncharged intermediary who obtained it from Caloca-Castenada and Ortiz-Sanchez. *Id.* Lastly, Kunkle purchased methamphetamine from Wolski and Williams. *Id.* Wolski and Kunkle also sold firearms to the undercover agents. *Id.*

The Government's anticipated trial evidence includes recorded conversations between the undercover agents and Defendants, audio and video recordings of controlled purchases, pole-camera footage, Title III intercepted communications from Caloca-Castenada's phone, and the drugs and firearms recovered from the Defendants' residences. *Id.*

Wolski moves to sever his trial from that of his co-defendants under Rule 14, arguing spillover prejudice concerns. ECF No. 126. Williams joins Wolski's motion and raises two additional grounds specific to him: (1) that evidence concerning Count Sixteen (Felon in Possession of a Firearm) would be propensity evidence impacting the drug counts, and (2) that Kunkle's post-*Miranda* custodial statements implicate *Bruton*. ECF No. 138. The Government opposes both the motion and the joinder. ECF Nos. 130, 149.

## II. <u>DISCUSSION</u>

### A. The Government's Motion to Strike is Denied

The Government moves to strike Wolski's motion as untimely,[2] contending that ECF No. 97 advanced the pretrial-motions deadline. The docket, however, reflects May 22, 2026, as the

[1] All named participants are Defendants in this case unless otherwise noted.
[2] No similar argument was advanced as to Williams's joinder.

operative deadline for Wolski's pretrial motions, and Wolski filed his motion that day. ECF No. 96. This Court therefore declines to strike the motion as untimely and considers it on the merits.

**B. Wolski's Motion to Sever is Denied**

Federal Rule of Criminal Procedure 8 permits the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994). Generally, defendants indicted together should be jointly tried, and joinder is favored for reasons of judicial economy and efficiency. *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991).

Rule 14 provides relief from joinder through severance. Fed. R. Crim. P. 14(a). The defendant bears the heavy burden of showing that a joint trial is "so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way—by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989). The defendant must show "clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id.* The test is whether joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981). A joint trial is particularly appropriate where co-defendants are charged with conspiracy. *United States v. Barragan,* 871 F.3d 689, 701 (9th Cir. 2017).

In assessing spillover, the focus is "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110,

1116 (9th Cir. 1991). And "a defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999)

**1. Wolski Has Not Shown Clear, Manifest, or Undue Prejudice**

Wolski's argument rests on the cumulative effect of the Government's anticipated evidence and the risk that the jury will be unable to compartmentalize that evidence when assessing his individual guilt. Wolski contends that evidence concerning his co-defendants' conduct may lead the jury to improperly infer that he shared their criminal disposition. ECF No. 126 at 4. But Wolski does not develop that argument in any detail. Moreover, the concern he raises is common to most joint gun-and-drug conspiracy prosecutions and, standing alone, does not establish the clear, manifest, or undue prejudice Rule 14 requires. *Castro*, 887 F.2d at 996. Cross-examination, curative and limiting instructions, and closing argument afford Wolski ample opportunity to present his intended defense and to direct the jury to weigh the evidence against him individually. A defendant proceeding on a spillover theory must also demonstrate that limiting instructions would be insufficient, *Hanley*, 190 F.3d at 1027, and Wolski has not done so. As a result, severance is not warranted.[3]

**2. Williams Has Not Shown Clear, Manifest, or Undue Prejudice**

**i. Severance of Count Sixteen is Not Warranted**

Williams first contends that Count Sixteen, which charges him with being a felon in possession of two firearms, places impermissible propensity evidence before the jury on the drug counts. ECF No. 138 at 2; *see also* Fed. R. Evid. 404(b)(1). The Government represents that the

[3] It does not appear Wolski is arguing severance is required under *Bruton* principles. To the extent Wolski believes a specific *Bruton* issue exists, he may raise it by separate motion as the instant motion does not develop this specific argument.

two firearms were recovered from a backpack in a shed on Williams's property, alongside a digital scale and plastic baggies matching those found with methamphetamine in Williams's vehicle, and that it will offer this evidence to prove Williams's participation in the conspiracy charge. ECF No. 149 at 3. On that showing, the firearms evidence is interwoven with the drug evidence and would be admissible in a separate trial on the conspiracy count; it is not merely propensity evidence. *See United States v. Crespo de Llano*, 838 F.2d 1006, 1018 (9th Cir. 1987) (firearms may be relevant to show a defendant's involvement in the narcotics trade where the defendant is charged with a narcotics conspiracy); *United States v. Begun*, 446 F.2d 32, 33 (9th Cir. 1971) (upholding joinder where the gun evidence was so interwoven with the drug evidence that it would have been admissible in a separate trial on the drug charges). Because the same evidence would be admissible against Williams in a separate trial, joinder of Count Sixteen does not create the clear, manifest, or undue prejudice severance requires. *Castro*, 887 F.2d at 996.

This Court is aware that Williams has a pending motion to suppress the firearms. That motion does not alter the analysis here. If the firearms are not suppressed, they are admissible to prove Williams's participation in the Count One conspiracy for the reasons stated above, and joinder of Count Sixteen remains proper. If the firearms are suppressed, they will not be before the jury, and the severance concern Williams raises—that the firearms will spill over onto the drug counts—falls away. Either way, severance of Count Sixteen is not warranted.

**ii. Kunkle's Custodial Statements Do Not Currently Warrant Severance**

Williams next contends that co-defendant Kunkle's post-*Miranda* custodial statements identifying and implicating Williams cannot be admitted at a joint trial where Kunkle does not testify. ECF No. 138 at 2; *see also Crawford v. Washington*, 541 U.S. 36 (2004). The Government represents that it will not introduce Kunkle's post-*Miranda* statements about his co-defendants at

trial unless Kunkle testifies. ECF No. 149 at 4-5. On that representation, *Bruton* is not currently implicated. Should the Government's position change and the issue arise, Williams may file the appropriate motion, including any request for redactions.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion to Strike Wolski's Motion to Sever (ECF No. 130) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Aaron Wolski's Motion to Sever (ECF No. 126) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Richard Allen Williams's Motion for Severance (ECF No. 138) is **DENIED**.

DATED this 22nd day of September 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE